UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHN N. and MARY C. COCCO,

                      Plaintiffs,

     v.                                  1:12-cv-1576

BANK OF AMERICA HOME LOANS,

                      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## **DECISION and ORDER**

        Plaintiffs John N. and Mary C. Collo commenced the instant against Defendant Bank of America Home Loans seeking to recover damages for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and also asserting a common law claim of negligence. Presently before the Court is Plaintiffs' motion for a temporary restraining order seeking to enjoin Defendant from foreclosing on Plaintiffs' property.

**I.      FACTS**

        Based on a reading of the Complaint and Plaintiffs' motion papers, it appears that Plaintiffs are the mortgagors in connection with their personal residence. Defendant is an assignee of the mortgagee. Defendant sent Plaintiffs a letter seeking payment on the note. In response, Plaintiffs demanded that Defendant validate the debt. In particular, Plaintiffs sought, among other things, proof that Defendant had the authority to collect on the note. Defendant did not respond, but, nonetheless, continued to seek to collect on the debt. As a result, Plaintiffs commenced the instant action claiming that Defendants actions have

violated the FDCPA by misrepresenting the character, amount, and legal status of the alleged debt and unlawfully threatened legal action. Currently before the Court is Plaintiffs' ex parte motion for a temporary restraining order seeking to enjoin Defendant from pursuing foreclosure proceedings.

## II.     STANDARD OF REVIEW

To obtain injunctive relief, Plaintiff have the burden of demonstrating: (a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief. Christian Louboutin S.A. v. Yves Saint Laurent Am. Holdings, Inc., 696 F.3d 206, 215 (2d Cir. 2012).

## III.    DISCUSSION

This action was commenced on October 19, 2012. While there is still time for Plaintiffs to timely effectuate service, see Fed. R. Civ. P. 4(m), to date, there is no indication that Defendant has properly been served in accordance with Fed. R. Civ. P. 4. Accordingly, at this time, the Court does not have personal jurisdiction over Defendant and, thus, cannot enter any orders against it. For this reason alone, Plaintiffs' motion must be denied.

Even if the Court did have personal jurisdiction, the Court finds that an ex parte temporary restraining order is not warranted. Relief under the FDCPA is in the form of monetary damages. It does not provide for injunctive relief for private plaintiffs. Sykes v. Mel Harris and Assocs., LLC, — F.R.D. —, — (S.D.N.Y. Sept. 4, 2012) (injunctive relief is not available under the FDCPA); Sparkman v. Zwicker & Assocs., P.C., 374 F. Supp.2d 293, 298-99 (E.D.N.Y. 2005); Sokolski v. Trans Union Corp., 178 F.R.D. 393, 399 (E.D.N.Y. 1998); Goldberg v. Winston & Marrone, P.C., 1997 WL 139526, at *3 (S.D.N.Y. 1997).

Further, under Fed. R. Civ. P. 65(b), a temporary restraining order may be issued without notice only if specific facts in an affidavit or verified complaint show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard and the moving party certifies in writing any efforts made to give notice and the reasons why it should not be required.  Here, it appears from the Complaint that there are (or were) ongoing foreclosure proceedings.[1]  "[T]he protective purposes of the FDCPA typically are not implicated 'when a debtor is instead protected by the court system and its officers.'" Gabriele v. Am. Home Mortg. Serv., Inc., 2012 WL 5908601, at *5 n.1 (2d Cir. Nov. 27, 2012) (unpublished) (quoting Simmons v. Roundup Funding, LLC, 622 F.3d 93, 96 (2d Cir. 2010)). Plaintiffs interests in the property can be (or should have been) protected through any foreclosure proceeding.  Whether there is a valid note and whether Defendant is the due holder of any such note would appear to be primary issues in a foreclosure proceeding.  At the very least, Plaintiff would be entitled to challenge these issues in a foreclosure proceeding.  Accordingly, the Court cannot discern any irreparable harm at this time or the need to proceed ex parte.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiffs' motion is DENIED.

IT IS SO ORDERED.

Dated: December 3, 2012

---

[1] See Pls.' Mot. at p. 19 ("plaintiff asks the court to issue a temporary restraining order preventing defendant from foreclosing on the property. . . ."); p. 18 ("defendant's sale of the property is scheduled to occur on Foreclosure Date Here [sic].").

_____
Thomas J. McAvoy
Senior, U.S. District Judge